**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RONNIE TOLBERT
Plaintiff

vs.

UNITED STATES OF AMERICA
Defendant

Case No.:
Division:

## COMPLAINT

COMES NOW, Plaintiff, Ronnie Tolbert, by and through undersigned counsel, sues Defendant, the United States of America, and alleges:

## NATURE OF THE ACTION

1. This is a civil action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680. It arises from a physical assault on Plaintiff by an employee of the U.S. Department of Veterans Affairs at the James A. Haley Veterans' Hospital in Tampa, Florida. ("VA")

## JURISDICTION, VENUE, AND EXHAUSTION

2. This Court has jurisdiction under 28 U.S.C. § 1346(b). The acts and omissions occurred at 13000 Bruce B. Downs Blvd., Tampa, Florida 33612, in Hillsborough County.
3. Plaintiff presented an administrative tort claim on Standard Form 95 to the Department of Veterans Affairs. The U.S. Department of Veterans Affairs at the James A. Haley Veterans' Hospital acknowledged receipt on September 2, 2026, under reference GCL 577576. $1,000,000.00 was stated in the claim.

4. The alleged incident occurred at the U.S. Department of Veterans Affairs at the James A. Haley Veterans' Hospital medical facility in Tampa, Hillsborough County, Florida.

5. Venue is proper in the Tampa Division of the Middle District of Florida because the events giving rise to this action occurred in Hillsborough County.

## PARTIES

6. Plaintiff Ronnie Tolbert Sr. is a resident of Tampa, Hillsborough County, Florida.

7. Defendant United States of America is the proper defendant under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671–2680 for the acts and omissions of the U.S. Department of Veterans Affairs employees acting within the scope of their employment.

8. At all relevant times, Plaintiff was a patient or prospective patient seeking medical treatment at a U.S. Department of Veterans Affairs medical facility located in Tampa, Florida.

9. At all material times, Bruce E. McArthur was, on information and belief, an employee of the U.S. Department of Veterans Affairs at the James A. Haley Veterans' Hospital acting within the scope of his employment.

## GENERAL ALLEGATIONS

10. On November 18, 2024, Plaintiff, who uses a wheelchair or scooter, was at the hospital for an appointment and medical treatment.

11. A hospital employee told Plaintiff he could not smoke at his initial location outside. Plaintiff complied, moved to the front of the building, and extinguished his cigarette before entering.

12. Plaintiff then entered an elevator. The same employee confronted him there and threatened him with a fine for smoking. Plaintiff told the employee he had put the

cigarette out.

13. Without justification, Mr. McArthur grabbed Plaintiff and threw him to the floor of the elevator.

14. Mr. McArthur then placed his body weight on Plaintiff's chest, restricting Plaintiff's ability to breathe and cutting off his air supply.

15. The assault ended only when nurses and/or others intervened and demanded that Mr. McArthur release Plaintiff.

16. U.S. Department of Veterans Affairs at the James A. Haley Veterans' Hospital police responded. The VA Police Incident Report is No. 6732500182-1, and it records the incident as occurring at approximately 1100 hours on November 18, 2024.

17. Plaintiff was treated on an emergency basis at VA Tampa Health Care on November 18, 2024.

18. Plaintiff sustained injuries to his chest, lower back, right shoulder, neck, and pelvis. His son reports that Plaintiff has not been able to walk properly since the incident.

**COUNT I – BATTERY (FEDERAL TORT CLAIMS ACT)**

19. Plaintiff realleges paragraphs 1 through 18.

20. Mr. McArthur intentionally made harmful and offensive contact with Plaintiff by grabbing him, throwing him to the elevator floor, and placing his weight on Plaintiff's chest.

21. Plaintiff did not consent to this contact, and it was not justified.

22. Mr. McArthur acted within the course and scope of his employment with the Department of Veterans Affairs.

23. As a direct and proximate result, Plaintiff suffered the damages described below.

**WHEREFORE**, Plaintiff seeks compensatory damages as permitted by law, subject to the limitations of the FTCA.

**COUNT II – NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING (FEDERAL TORT CLAIMS ACT)**

24. Plaintiff realleges paragraphs 1 through 23.
25. The U.S. Department of Veterans Affairs at the James A. Haley Veterans' Hospital had responsibilities concerning the selection, qualification, assignment, and placement of personnel performing security functions at its medical facility
26. The United States, through the Department of Veterans Affairs and the James A. Haley Veterans' Hospital, owed Plaintiff, a patient and invited guest on its premises, a duty of reasonable care.
27. The United States breached that duty by negligently hiring, retaining, supervising, and training Mr. McArthur. It also failed to prevent the use of unreasonable physical force against a patient.
28. As a direct and proximate result, Plaintiff suffered the damages described below.

**WHEREFORE**, Plaintiff seeks compensatory damages as permitted by law, subject to the limitations of the FTCA.

**COUNT III – NEGLIGENCE – NEGLIGENT SUPERVISION AND TRAINING**

29. Plaintiff realleges paragraphs 1 through 28.
30. Security personnel assigned to a VA medical facility must be appropriately trained and supervised in dealing with patients and members of the public.
31. Plaintiff alleges that the responsible personnel failed to exercise reasonable care in supervising and training the security officer.

32. The specific deficiencies in supervision and training remain unknown and are subject to discovery.

33. Plaintiff seeks information concerning applicable security policies, use-of-force training, patient-interaction procedures, supervisory practices, and prior complaints concerning the officer.

34. To the extent permitted by the FTCA and Florida law, the negligent acts or omissions described above were a legal cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff seeks compensatory damages as permitted by law, subject to the limitations of the FTCA.

## DAMAGES

35. Plaintiff realleges paragraphs 1 through 34.

36. As a direct and legal result of the incident and the actionable conduct alleged herein, Plaintiff sustained injuries and damages.

37. Plaintiff seeks recovery, to the extent permitted by Florida law and the FTCA, for: Past medical expenses; Future medical expenses; Physical pain and suffering; Mental anguish and emotional distress; Lost wages and loss of earning capacity; Other legally recoverable compensatory damages.

38. Plaintiff's administrative claim requested $1,000,000.00.

39. Plaintiff seeks compensatory damages not exceeding the amount administratively presented, subject to the requirements and exceptions of 28 U.S.C. § 2675(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against the United States of America for compensatory damages in an amount to be proven at trial, not to exceed the sum certain of ONE MILLION DOLLARS ($1,000,000.00) presented in Plaintiff's

administrative tort claim, together with allowable costs and any other relief permitted by law.

DATED November 16, 2026.

*s/William Franchi*
William R. Franchi, Esquire, 102621
FRANCHI LAW
4100 W Kennedy Blvd, Suite 300
Tampa, FL 33609
Telephone: 813-800-4529
E-Mail: litigation@franchilaw.com
Secondary E-Mail:
ronnietolbertsrz13166415@franchilaw.filevineapp.com
Attorney for Plaintiff